IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ERICA D. HAYWOOD,<br>　　Plaintiff, | : <br> : <br> : | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |
| v. | : <br> : | |
| UNNAMED,<br>　　Defendant. | : <br> : | CIVIL ACTION NO.<br>1:18-CV-2084-TWT-LTW |

## **FINAL REPORT AND RECOMMENDATION**

Plaintiff is confined at the Las Colinas Detention and Re-Entry Facility in Santee, California (the "Jail"). (Doc. 1.) Plaintiff, pro se, sent the Court a letter complaining of her confinement there. (*Id.*) Plaintiff "feel[s] very uncomfortable and unsafe at this facility due to abuse by jailers and healthcare staff" and seeks "immediate lawful release." (*Id.* at 1-2.)

Plaintiff's letter is liberally construed as seeking relief under 42 U.S.C. § 1983. But this Court is not the proper venue for Plaintiff's complaint.

An action under 42 U.S.C. § 1983

> may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

AO 72A
(Rev.8/82)

28 U.S.C. § 1391(b). Plaintiff's complaint concerns only her confinement at the Jail, which is within the jurisdiction of the U.S. District Court for the Southern District of California. Venue is not proper in this Court.

Moreover, to the extent Plaintiff seeks relief under the federal habeas corpus laws, given her request for release from confinement, she cannot obtain such relief here because this Court does not have jurisdiction over her custodian. *See* 28 U.S.C. § 2241(a)-(b); *Rumsfeld v. Padilla*, 542 U.S. 426, 444-47 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). "Section 2241 [habeas] petitions may be brought only in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991).

A district court must transfer a case filed in the wrong court to a court in which venue is proper "if it be in the interest of justice." 28 U.S.C. § 1406(a). Because Plaintiff is proceeding pro se and does not appear to know the venue laws, it is in the interest of justice to transfer this case.

AO 72A
(Rev.8/82)

Accordingly, **IT IS RECOMMENDED** that the Court **TRANSFER** this action to the U.S. District Court for the Southern District of California for further proceedings.

**SO RECOMMENDED** this 17 day of May, 2018.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)